IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH BURNETT and
TAMMY BURNETT,

           Plaintiffs,                            ORDER

    v.

                                            12-cv-0019-slc

COUNTRY MUTUAL INSURANCE
COMPANY,

           Defendant.

---

This order addresses a strand of plaintiffs' June 25, 2013 motion to compel discovery, dkt. 84. The Burnetts, who are proceeding toward trial on a bad faith claim against Country Mutual, contend they are entitled to production from Country Mutual of its entire claim file; Country Mutual responds that certain documents need not be produced on grounds of privilege. This dispute was the subject of telephonic hearings on July 8 and July 16, 2013. At the July 16, 2013 hearing, I directed Country Mutual to submit ex parte for *in camera* review the documents it was withholding on a claim of privilege. I have now reviewed those documents and conclude that, pursuant to applicable state law, all of them are discoverable. Although I telegraphed my reasoning at the telephonic hearings, I provide this brief recapitulation:

Under Wisconsin common law, a claim of bad faith against an insurer entitles the claimant to the insurer's work product and attorney-client privileged documentation. As the Wisconsin Supreme Court stated in *Brethorst v. Allstate Property and Cas. Ins. Co.*, 2011 WI 41, ¶75 n. 7, 334 Wis. 2d 23, 54 n. 7, 798 N.W.2d 467, 483 n.7:

> Because a plaintiff must show that the insurer did not have a reasonable basis for its actions in order to prove bad faith, internal information that would otherwise be privileged is subject to discovery. A plaintiff bringing a bad faith claim is entitled to the insurer's work product as well as attorney-client material related to how the claim was handled.

(citing *Dahmen v. American Family Mut. Ins. Co.*, 247 Wis. 2d 541, 549-550, 635 N.W. 2d 1, 5 (Wis. App. 2001)). *Accord Tackett v. State Farm Fire and Casualty*, 558 A.2d 1098, 1103 (Del. Sup. Ct. 1988) (where plaintiff alleges bad faith and insurer takes position that claim was handled without bad faith, "the trial is the file.").

Federal law in this circuit is to the same effect. In *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir.1996), the court recognized that "allowing a plaintiff to overcome an insurer's work product privilege may be particularly appropriate in an action for bad faith, in light of the insurer's virtual monopoly over the evidence required to support such an action." (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576–78 (9th Cir. 1992)). Quoting *Holmgren*, the court explained that

> In a bad faith insurance claim settlement case, the strategy, mental impressions and opinion of [the insurer's] agents considering the handling of the claim are directly at issue, and thus it is clear that [u]nless the information is available elsewhere, a plaintiff may be able to establish a compelling need for evidence in the insurer's claim file regarding the insurer's opinion of the viability and value of the claim.

*Id*. (internal citations and quotations omitted). Although a "naked" claim of bad faith would not be enough to allow a plaintiff to overcome the work product privilege, discovery of the insurer's claim file was warranted so long as the plaintiff could show a *possibility* that the claim documents contain evidence of bad faith. *Id*. (emphasis added).

Country Mutual's refusal to pay the Burnetts the full value on their claim in the face of the raze order raises a sufficient possibility that Country's Mutual's claim file will contain evidence of bad faith.

The Burnetts are entitled to discover all documents pertaining to Country Mutual's investigation and assessment of their claim up until the claim was denied on May 15, 2012, notwithstanding that suit was filed in October 2011 and served in December 2011. By Country Mutual's representation, its investigation of plaintiffs' claim was still ongoing at that time.

Although documents relevant to the insurance company's handling of the plaintiff's claim are discoverable, documents prepared solely in defense of the bad faith *suit* would not be. In the *usual* bad faith lawsuit, it ought to be easy to separate the two simply by the date on which the suit was filed, which typically occurs at some point after the insurance company has completed its investigation. This case is *unusual* because the suit was filed before Country Mutual had completed its investigation of the Burnetts' claim on their policy. Given this overlap of the claim investigation phase with the litigation phase, it was possible that some of Country Mutual's withheld communications were prepared in specific defense of this lawsuit and not in connection with Country Mutual's determination whether to deny the Burnetts' claim. It is because of this possibility that I ordered Country Mutual to submit its withheld documents *in camera*.[1]

I have review each of the documents submitted for court review. All of them–including dkt. 96–pertain to Country Mutual's internal determination whether to grant or deny the

---

[1] My remarks at the July 16 hearing may have led the parties to infer that I intended to review the documents to determine whether any of them "would support an argument of bad faith," as the district court did in *Logan,* 96 F. 3d at 977. That inference would be incorrect. Although the court of appeals in *Logan* did not criticize the district court for reviewing the documents for this purpose, its earlier remarks suggest that the plaintiff would have been entitled to discovery of the claim file merely upon a showing that it was possible that it contained evidence of bad faith and that no *in camera* review was necessary. My intent always has been merely to ensure against disclosure of any documents relating solely to the defense of this lawsuit, given the overlap between Country Mutual's investigation and the Burnetts' filing of this lawsuit. Neither side should infer that this disclosure order is based on a court finding that the documents support plaintiffs' argument of bad faith.

Burnetts' claim for the policy limits on their dwelling.  Therefore, in accordance with *Brethorst* and *Logan*, these documents all must be disclosed to the Burnetts.

## ORDER

IT IS ORDERED that, not later than August 2, 2013, defendant must disclose to plaintiffs the documents submitted to the court *in camera* at dkts. 94-96.

Entered this 26th day of July, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge